IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALBERT BARNES,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**GIRLS GALORE, INC., d/b/a Bliss Atlanta, NICHOLAS A. STERGION, and GEORGE NAZERIAN.**<br><br>**Defendants.** | Civil Action File No.<br>1:14-cv-3946-SCJ<br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Albert Barnes ("Mr. Barnes"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Girls Galore, Inc. d/b/a Bliss Atlanta ("Bliss"), Nicholas A. Stergion ("Mr. Stergion"), and George Nazerian ("Mr. Nazerian") (collectively "Defendants"), and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq.*), ("the FLSA") to (1) recover due but unpaid

minimum wages and additional like amounts as liquidated damages; (2) to recover due but unpaid overtime compensation and an additional like amount as liquidated damages; and (3) to be reimbursed his costs of litigation, including their reasonable attorney's fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Bliss is located in this judicial district; Mr. Stergion and Mr. Nazerian reside in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Barnes resides in Broward County, Florida.

5.

Bliss is a corporation organized under the laws of the State of Georgia.

6.

Bliss is subject to the personal jurisdiction of this Court.

7.

Bliss' principal place of business is located at 2284 Cheshire Bridge Road, Atlanta, Georgia 30324.

8.

Bliss can be served with process via its registered agent, Nicholas A. Stergion at 2284 Cheshire Bridge Road, Atlanta, Georgia 30324.

9.

Mr. Stergion is a resident of Fulton County, Georgia.

10.

Mr. Stergion is subject to the personal jurisdiction of this Court.

11.

Mr. Stergion can be served with process at his residence, located at 3520 Waters Cove Way, Alpharetta, Georgia 30022.

12.

Mr. Nazerian is a resident of Cobb County, Georgia.

13.

Mr. Nazerian is subject to the personal jurisdiction of this Court.

14.

Mr. Nazerian can be served with process at 3350 George Busbee Pkwy NW, Kennesaw, GA 30144.

**FACTUAL ALLEGATIONS**

15.

At all times material hereto, Defendants owned and operated Bliss Atlanta, an adult entertainment nightclub in Fulton County, Georgia.

16.

Defendants' primary business is to provide entertainment in the form of exotic dancing by nude or semi-nude men, as well as food, alcoholic beverages, and other forms of entertainment.

17.

At all times material hereto, Mr. Stergion and Mr. Nazerian shared complete control over all the operations and employment practices and procedures of Bliss.

18.

From approximately May 2013 through April 2014, Bliss exercised operational control over the work activities of Mr. Barnes.

19.

From approximately May 2013 through April 2014, Bliss was Mr. Barnes' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

20.

From approximately May 2013 through April 2014, Mr. Stergion exercised operational control over the work activities of Mr. Barnes.

21.

From approximately May 2013 through April 2014, Mr. Stergion was Mr. Barnes' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

22.

From approximately May 2013 through April 2014, Mr. Nazerian exercised operational control over the work activities of Mr. Barnes.

23.

From approximately May 2013 through April 2014, Mr. Nazerian was Mr. Barnes' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

24.

From approximately May 2013 through April 2014, Mr. Barnes was an "employee" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

25.

At all times material hereto, Mr. Barnes' job position was "dancer".

26.

At all times material hereto, Defendants did not pay Mr. Barnes wages of any kind.

27.

At all times material hereto, Bliss was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

During 2013, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2014, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, two or more employees of Bliss used or handled items that that had moved in interstate commerce and were necessary for Bliss to perform its commercial purpose, including, wine, beer, liquor and other alcoholic

products; food and food service items; restaurant furniture and equipment, computers and other electronic office equipment; electronic credit card processing terminals; and electronic gaming machines.

31.

At all times material hereto, Bliss regularly processed out-of-state credit card transactions.

32.

During 2013, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2014, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2013, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

At all times material hereto, Bliss was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

37.

At all times material hereto, Mr. Barnes was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

38.

At all times material hereto, Defendants did not employ Mr. Barnes in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Mr. Barnes was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

40.

At all times material hereto, Defendants failed to pay Mr. Barnes an hourly wage.

41.

At all times material hereto, Mr. Barnes' sole form of remuneration for the work he performed for Defendants was the receipt of tips from Bliss' customers.

42.

At all times material hereto, Defendants required Mr. Barnes to pay a portion of the tips he received directly to Defendants in the form of fees and fines.

43.

At all times material hereto, Defendants required Mr. Barnes, as well as all other dancers, to pay various club fees each shift he worked including house fees, DJ fees and breathalyzer fees.

44.

At all times material hereto, Defendants required Mr. Barnes to pay a portion of the tips he received directly to Defendants for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

45.

At all times material hereto, Defendants established policies and rules which Mr. Barnes was required to follow in order to continue his employment.

46.

Such policies and rules set concerned Mr. Barnes' attire, performance, attendance, scheduling, and interactions with customers.

47.

At all times material hereto, Mr. Barnes followed the established policies and rules set by Defendants.

48.

At all times material hereto, Mr. Barnes was subject to disciplinary actions including, but not limited to, the imposition of fees and fines, warnings, suspensions, and termination if he failed to follow Defendants' established policies and rules.

49.

At all times material hereto, Defendants classified Mr. Barnes as an Independent Contractor.

50.

At all times material hereto, Mr. Barnes was an employee of Defendants.

51.

At all times material hereto, Defendants misclassified Mr. Barnes as an Independent Contractor.

52.

At all times material hereto, Defendants intentionally and willfully misclassified Mr. Barnes as an Independent Contractor.

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

53.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

54.

At all times material hereto, Defendants misclassified Mr. Barnes as an Independent Contractor.

55.

At all times material hereto, Mr. Barnes was an employee who was covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

56.

From approximately May 2013 through April 2014, Defendants failed to compensate Mr. Barnes at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

57.

From approximately May 2013 through April 2014, Defendants intentionally and willfully failed to compensate Mr. Barnes at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

58.

Mr. Barnes is entitled to payment of minimum wages—free and clear of all amounts by Mr. Barnes to Defendants in the form of fees and fines—in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of Defendants' intentional and willful nonpayment of minimum wages as alleged above, Mr. Barnes entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

Defendants are liable to Mr. Barnes for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME WAGES

61.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

62.

At all times material hereto, Mr. Barnes was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

63.

During his employment by Defendants—from approximately May 2013 through April 2014—Mr. Barnes regularly worked in excess of forty (40) hours each week.

64.

At all times material hereto, Defendants failed to pay Mr. Barnes at one and one half times his regular rate for work in excess of forty (40) hours in any week.

65.

At all times material hereto, Defendants intentionally and willfully failed to pay Mr. Barnes at one and one half times his regular rate for work in excess of forty (40) hours in any week.

66.

Mr. Barnes is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of overtime compensation as alleged above, Mr. Barnes is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Mr. Barnes for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Barnes prays that this Court:

(a)   Find that Defendants violated 29 U.S.C. § 206 by failing to pay Mr. Barnes minimum wages;

(b)   Find that Defendants willfully violated 29 U.S.C. § 206 by failing to pay Mr. Barnes minimum wages;

(c)   Find that Defendants violated 29 U.S.C. § 207 by failing to pay Mr. Barnes overtime wages;

(d) Find that Defendants willfully violated 29 U.S.C. § 207 by failing to pay Mr. Barnes overtime wages;

(e) Issue a judgment against Defendants jointly and severally for all unpaid minimum wages and overtime wages—free and clear of all amounts paid to Defendants in fees and fines—and pre-judgment interest, as provided by 29 U.S.C. § 216(b);

(f) Issue a judgment against Defendants jointly and severally for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(g) Issue a judgment against Defendants jointly and severally for Mr. Barnes' costs of litigation, including his reasonable attorneys' fees'; and

(h) For such other and further relief as is just and equitable.

Mr. Barnes hereby demands a TRIAL BY JURY.

Respectfully submitted this 11th day of December 2014.

                                    **DELONG CALDWELL BRIDGERS
                                         & FITZPATRICK, LLC**

                                     */s/ Kevin D. Fitzpatrick, Jr.*
                                     Kevin D. Fitzpatrick, Jr.
                                     Georgia Bar No. 262375

3100 Centennial Tower
101 Marietta Street                  */s/ Charles R. Bridgers*
Atlanta, GA 30303                    Charles R. Bridgers
Telephone: (404) 979-3171       Georgia Bar No. 080791
Facsimile: (404) 835-6168
kevin.fitzpatrick@dcbflegal.com    */s/ Matthew W. Herrington*
charlesbridgers@dcbflegal.com      Matthew W. Herrington
matthew.herrington@dcbflegal.com  Georgia Bar No. 275411

                                     COUNSEL FOR PLAINTIFF