## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT BARNES | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | FILE NO. 1:14-CV-03946-SCJ |
| GIRLS GALORE, INC. d/b/a | § | |
| Bliss Atlanta, NICHOLAS A. | § | |
| STERGION and GEORGE | § | |
| NAZERIAN | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS GIRLS GALORE, INC.'S AND GEORGE NAZERIAN'S EMERGENCY MOTION FOR EXTENSION OF DISCOVERY

COME NOW Defendants **Girls Galore, Inc.** and **George Nazerian** and file this, their Emergency Motion for Extension of Discovery pursuant to Fed. R. Civ. P. 6(b) and Local Rules 7.2B and 26.2B NDGa, respectfully requesting that the Court extend the discovery period provided in its Order of January 31, 2017 an additional thirty (30) days, or some other reasonable time period in view of the circumstances, and a like extension in which to file dispositive motions, upon the grounds set forth below.

1

I.      NECESSITY FOR EXPEDITED PROCEDURE

Only nine (9) days are remaining in the discovery period provided for by the Court's Order of January 31st.  Unless the Court waives the time requirements and grants an immediate hearing, the relief requested will become moot, and the harm to Defendants' ability to prepare their case cannot be remedied. LR 7.2B NDGa.

II.     FACTS

A.      Undersigned Counsel's Entry of Appearance for Defendants Girls Galore, Inc. and Nazerian

The undersigned entered an appearance yesterday as counsel for Defendants Girls Galore, Inc. ("Girls Galore") and George Nazerian, having been retained to over the weekend of February 18th-19th.  The undersigned also represents Girls Galore and Mr. Nazerian in a related case, *Joseph Brummett, Justin Toland, William Wynn and James Ransom v. Girls Galore, Inc. d/b/a Bliss Atlanta, Nicholas A. Stergion and George Nazerian,* Civil Action File Number 1:14 CV 04033-AT, and has been retained to represent them in a third case recently filed by plaintiff's counsel on similar claims, *Robert Casey v. Girls Galore, Inc. d/b/a Bliss Atlanta, Nicholas A. Stergion and George Nazerian*, Civil Action File Number 1:16-CV-04590-ELR. Defendant Nicholas A. Stergion is represented by Billy Miles, Esq. in the *Brummett* case.  He is still represented in the present case by Mr. R. Gary Spencer, Esq., who

2

entered an appearance as counsel for all three Defendants on May 19, 2016 *[Doc. No. 69]*.

B.    <u>Prior Counsel's Failure to Protect Defendants' Interests</u>

Mr. Spencer filed a Motion to Withdraw as Counsel for Defendants on August 8, 2016 *[Doc. No. 80]*, which the Court denied on August 30, 2016 due to his failure to provide written notice to Defendants as required by LR 83.1E(2)(b)(J) NDGa. *[Doc. No.  81]*.

Mr. Spencer did not make any attempt to provide the notice until February 2, 2017—over five months later—and only *after* the Court had entered its Order of January 31, 2017 *[No Docket Number]* requiring discovery to be completed and dispositive motions filed in 30 days. *See Exhibits to "Amended Motion to Withdraw as Counsel" filed February 17, 2017 [Doc. No. 86].[1]*

Mr. Spencer states, correctly, that he "…has had no contact with former clients in this matter since the filing of the initial motion…" *Id*. at 1.  However, to clarify, this lack of contact was not because Mr. Spencer could not contact

---

[1] The notices fail to mention the depositions of Defendants and their accountant scheduled by Plaintiff for the week of February 20th as required by LR 83.1E(2)(b)(G) NDGa.  Moreover, they failed to provide the required fourteen days' notice, as they were served by mail only. See LR 83.1E(2)(b) NDGa; Fed R. Civ. P. 6(d).

Defendants nor was it because Defendants failed to respond to him.   Rather, it was due to Mr. Spencer's failure to make any attempt to contact Defendants during that six-month period.

    C.   <u>The Court's Order of January 31, 2017</u>

On January 31, 2017, the Court entered an Order lifting the stay it had previously entered to provide the parties the opportunity to mediate the case.  *[No Docket Number]*.  The Order provides that "[a]ny remaining discovery must be completed on or before March 2, 2017.  Any motions for summary judgment or the proposed consolidated pretrial order must be filed on or before April 3, 2017."

    D.   <u>Plaintiff's Pending Discovery</u>

On January 31, 2017, Plaintiff served Notices of Deposition on Defendants Nazerian and Stergion and a Notice of Deposition of (*sic*) Pursuant to Fed. R. Civ. P. 30 (B)(6) (*sic*) on Girls Galore containing sixty-five (65) areas of subject matter. *[Docket No. 83]*.  Plaintiff also served a Subpoena on Girls Galore's accountant, Mr. Kendyl Strickland.  *[Docket Nos. 84-85]*.  Girls Galore's deposition was set for yesterday, February 20th (a Federal holiday); Mr. Nazerian's and Mr. Stergion's are set for February 21st, and Mr. Strickland's is set for February 22nd.

Upon receiving the Notices of Deposition, Mr. Spencer contacted plaintiff's counsel, Mr. Herrington, and stated that "I'm starting a federal criminal trial that's to take 2 weeks." *See Exhibit "A".*   Mr. Spencer represented in a subsequent email to Mr. Herrington that he would be "… be moving to continue."  *See Exhibit "B".* In an exchange of emails on February 2nd, the undersigned expressed to Mr. Spencer his doubt that the Court would permit him to withdraw and suggested that he should file the "motion for continuance." *Exhibit "C".*

Not having received any further communication from him, the undersigned believed that Mr. Spencer had either obtained a continuance or other extension or would prepare for and handle the depositions or otherwise protect the clients' interests.  It was not until Friday, February 17th, that it was learned Mr. Spencer had done nothing to protect the clients' interests and that he "won't be present at the depositions." *Exhibit "D".*

     E.   <u>Defendants' Efforts to Comply with Plaintiff's Discovery</u>

Defendants are doing everything within their power to comply with Plaintiff's discovery.  Mr. Nazerian will appear for deposition later today.  Mr. Strickland is scheduled to appear tomorrow.  However, Girls Galore did fail to appear for its 30(b)(6) deposition yesterday, due to the unmanageability of the situation caused by

Mr. Spencer's last-minute announcement that he would not be defending it.  Girls Galore's undersigned counsel has committed to Plaintiff's counsel to pay the reasonable expenses resulting from the non-appearance and to make its designated representative(s) available to testify as soon as humanly possible. *Exhibits "E" – "F".*

III.    ARGUMENT

Defendants recognize that the Court stated in its January 31st Order that it "…will NOT extend any of these deadlines under any circumstances."   The Court's frustration is entirely understandable.  However, Defendants respectfully submit that the Court could not have foreseen the circumstances involving their prior counsel, which necessitates the requested extension.

Defendants and their new counsel commit to the Court to move forward on the remaining discovery with all due diligence.  However, it will be very difficult to undertake all of the work and preparation involved in the nine days remaining under the January 31st Order.

Accordingly, Defendants respectfully request that the Court exercise its discretion to grant a short, thirty (30) day extension of discovery, or an extension of some   other   period   that   in   the   Court's   discretion   is   reasonable   under   the

circumstances, and a like extension for the filing of dispositive motions.   LR 26.2B

NDGa.  Defendants submit that the circumstances warrant such relief.


IV.    CONCLUSION

WHEREFORE  Defendants  Girls  Galore,  Inc.,  and  George  Nazerian

respectfully request that the Court GRANT their Motion for Extension of Discovery.

This 21st day of February, 2017.


Respectfully submitted,

*/S/ Michael A. Dominy*

_____
Michael A. Dominy
Georgia Bar No. 225335

Attorney  for  Defendants  Girls  Galore,
Inc. and George Nazerian

881 Ponce de Leon Avenue NE
Suite 3
Atlanta, GA 30306
(404) 900-9570

michael@dominylaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALBERT BARNES                          §
                                       §
    Plaintiff,                      §
                                       §   CIVIL ACTION
v.                                     §
                                       §   FILE NO. 1:14-CV-03946-SCJ
GIRLS GALORE, INC. d/b/a               §
Bliss Atlanta, NICHOLAS A.             §
STERGION and GEORGE                    §
NAZERIAN                               §
                                       §
    Defendants.                     §
_____

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day electronically filed the foregoing

**Emergency Motion for Extension of Discovery** with the Clerk of Court using the

CM/EFC system, which will automatically send email notification of such filing to

plaintiff's counsel:

KEVIN D. FITZPATRICK, JR., ESQ.
kevin.fitzpatrick@dcbflegal.com

CHARLES R. BRIDGERS, ESQ.
charlesbridgers@dcbflegal.com

MATTHEW W. HERRINGTON, ESQ.
matthew.herrington@dcbflegal.com

This 21st day of February, 2017.

Respectfully submitted,

*/S/ Michael A. Dominy*

_____

Michael A. Dominy
Georgia Bar No. 225335

Attorney for Defendants Girls Galore,
Inc. and George Nazerian

881 Ponce de Leon Avenue NE
Suite 3
Atlanta, GA 30306
(404) 900-9570

michael@dominylaw.net